IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **BRANDON LUKE HERRON,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**DUFFIELD JAIL, SWVRJA,** )<br>)<br>)<br>Defendant. ) | Case No. 7:17CV00560<br><br>**OPINION AND ORDER**<br><br>By: James P. Jones<br>United States District Judge |

*Brandon Luke Herron, Pro Se Plaintiff.*

Brandon Luke Herron, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging that he was assaulted by an officer at the Duffield facility of the Southwest Virginia Regional Jail Authority ("SWVRJA"). According to Herron, the officer in question was Berlin W. Skeen III. Upon review of the record, I find that the action must be summarily dismissed without prejudice for failure to state a claim.

The court must dismiss a § 1983 complaint "in which a prisoner seeks redress from a governmental entity or officer" if the court concludes that it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a), (b)(1). Section 1983 permits an aggrieved party to file a civil action against a *person* for actions taken under color of state law that violated

his constitutional rights. *See Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). To hold an officer liable under § 1983, the plaintiff must state facts that affirmatively show how the officer acted personally to deprive him of constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Herron names as defendant to his assault claim only the "Duffield Jail, SWVRJA." He cannot proceed with his assault claim as to either of these entities.

A jail is not a "person" subject to suit under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (finding city jail was not a person for purposes of § 1983). The jail authority may be subject to suit under § 1983, but only under particular circumstances. To prove that the jail authority is liable under § 1983 for constitutional violations committed by an employee, the plaintiff must show that the entity's policy was "the moving force of the constitutional violation." *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted). He must show that the allegedly unconstitutional action (Skeen's assaultive behavior) "implement[ed] or execute[ed] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by" the jail authority and its officers. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Herron states no facts linking Skeen's alleged assault to a specific policy or decision officially adopted by the jail authority or its officers.

For these reasons, Herron's Complaint fails to state an actionable claim against the only defendant that he has named. Therefore, I must summarily dismiss his Complaint without prejudice under § 1915A(b)(1). However, I will allow Herrion to file an amended complaint naming a person or setting forth sufficient facts as to the SWVRJA, as explained above.

Accordingly, the present Complaint is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), as legally frivolous. In addition, his pending motion concerning discovery (ECF No. 16) is DISMISSED as moot. Herron is granted leave to file an amended complaint in this action, provided such amended complaint is filed within 30 days of this date. If an amended complaint is not so filed, the present case will be closed and stricken from the docket of this court by the Clerk.

It is so **ORDERED**.

ENTER: April 11, 2018

/s/ James P. Jones
United States District Judge