# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BRANDON LUKE HERRON,** | ) | |
| | ) | Case No. 7:17CV00560 |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **BERLIN W. SKEEN III,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Brandon Luke Herron, Pro Se Plaintiff; Joseph A. Piasta, Johnson, Ayers & Matthews P.L.C., Roanoke, Virginia, for Defendant.*

The plaintiff, Brandon Luke Herron, a Virginia inmate proceeding pro se, brought this civil rights action pursuant to 42 U.S.C. § 1983, alleging that a jail official used excessive force against him, in violation of his constitutional rights. The defendants have filed a Motion to Dismiss Herron's Complaint, as amended,[1] under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Herron has responded, making the motion ripe for disposition. After review of the record, I conclude that the defendants' motion must be granted in part and denied in part.

---

[1] Herron's initial Complaint named the jail and the jail authority as defendants. I dismissed it for failure to state a claim. However, I granted Herron an opportunity to amend to identify a proper defendant. He then named Skeen as the defendant to the allegations in the initial Complaint.

I.

When Herron's claims arose, he was confined at the Southwest Virginia Regional Jail facility in Duffield, Virginia.[2]  On October 30, 2017, another inmate told Herron that the defendant, Officer Berlin W. Skeen III, had dared Herron "to flood [his] cell" during pill call.  Mot. Amend 1, ECF No. 37.  As Skeen came by, Herron got on the floor of his cell and yelled under the door, "Fuck you, Skeen. Go kill yourself." *Id.*  Another officer told Herron to pack his things, because he was going to "the hole." *Id.*  Herron thought the officer was joking with him, as officers often did, and said, "[Y]ou are full of shit and . . . I'm not going to the hole, I didn't do anything wrong." *Id.*  Herron then went to pill call.  Skeen told him again to pack his things to go to the hole.  Still thinking that the officers were joking, Herron said, "Fuck you, no, fuck off." *Id.*

Then, Sergeant Rhymer ordered Herron to pack his things.  Eventually, Herron went to pack his property, although he continued complaining.  Skeen followed him.  In his cell, Herron finished drinking a cup of coffee and threw it at his bunk in the back of the cell.  Then, he turned around to face Skeen, who said, "I

---

[2] In response to the Motion to Dismiss, Herron has provided additional details about his claims.  I will construe and grant this submission as a Motion to Amend.  *See* Fed. R. Civ. P. 15(a)(1)(B); *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (noting court's obligation to construe pro se pleadings liberally to allow development of potentially meritorious case).  Therefore, in this part of the Opinion, I will summarize Herron's allegations taken as a whole, which I must accept as true for purposes of addressing the defendants' Motion to Dismiss.  *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

told you to give me the chance and I will put you in the hole." *Id.* at 2. Skeen also called Herron obscene names. Herron then said, "Fuck you Pussy, if you want to fuck me up so bad, then let's get it." *Id.* Herron tried to turn back to his packing. Before he could do so, Skeen entered the cell, pushed Herron into the bunk, hit him in the face, pushed him to the ground, and began "stomping [Herron's] entire body." *Id.* Herron says he "pass[ed] out due to the pain on [his] back." *Id.* As Herron came to, bleeding from his face, he saw Rhymer enter the cell and pull Skeen away. Virginia State Troopers came to the jail, took pictures, and prepared reports. No criminal charges were filed.

## II.

A district court should grant a motion to dismiss a complaint under Rule 12(b)(6) if, accepting all well-pleaded allegations in the Complaint as true and drawing all reasonable factual inferences in the plaintiff's favor, the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Twombly.* 550 U.S. at 570. To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, I note that Herron fails to indicate whether he was a convicted felon or a pretrial detainee on October 30, 2017, when Skeen allegedly

used excessive force against him. His status on that date dictates the legal standard I must apply in considering his excessive force claim.

If Herron was a pretrial detainee on October 30, 2017, I must consider his claim under the Due Process Clause of the Fourteenth Amendment. To state an excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). In making an objective reasonableness analysis, I must consider the totality of the circumstances "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* However, I must also defer appropriately "to policies and practices that in the judgment of jail officials are needed to preserve internal order and discipline and to maintain institutional security."[3] *Id.*

> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Id.*

---

[3] I have omitted internal quotation marks, alterations, and citations here and throughout this opinion, unless otherwise noted.

If Herron was a convicted prisoner on October 30, 2017, I must analyze his excessive force claim under the Eighth Amendment. *Id.* at 2475. In an Eighth Amendment analysis, I must consider "whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "The objective component focuses not on the severity of any injuries inflicted, but rather on the nature of the force which must be nontrivial." *Tedder v. Johnson*, 527 F. App'x 269, 272 (4th Cir. 2013) (unpublished). To meet the subjective component, a convicted prisoner "plaintiff must prove that the use of force was not applied in a good-faith effort to maintain or restore discipline but, rather, was applied maliciously and sadistically to cause harm." *Kingsley*, 135 S. Ct. at 2475.

I conclude that Herron has alleged facts stating an excessive force claim against Skeen under either of these standards. Taking Herron's allegations as true, he used profanity and threatened staff only in a joking manner, because he believed they were joking with him. Frustrated when told he would receive disciplinary charges for his comments, nevertheless, Herron voluntarily entered his cell, finished his coffee, and threw his cup toward the back of his cell to begin packing his things as ordered. Skeen entered Herron's cell, pushed him down, and physically assaulted him, causing him to pass out and injuring his head.

Considering these allegations in the light most favorable to Herron, he has stated a plausible excessive force claim. He was inside his cell, where he posed little threat to anyone, just talking, and as such, Skeen's reaction was both objectively unreasonable under the totality of these circumstances, as well as malicious and sadistic, and intended to cause harm, rather than a good faith effort to restore order.[4] At a later stage of the litigation, Skeen may be able to present facts contradicting this characterization of the circumstances and showing that the force he used was reasonable and even necessary to address Herron's conduct. I must deny the Motion to Dismiss, however, as to Herron's § 1983 claim against Skeen in his individual capacity for monetary damages for excessive force.[5]

---

[4] I also find that the excessive force legal standards were clearly established in October 2017. Given my determination that Herron has stated a plausible claim under either of those standards, I find no merit to Skeen's assertion that he is entitled to qualified immunity against Herron's claims for damages. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (setting two-part inquiry for affirmative defense of qualified immunity: (1) whether plaintiff's facts make out a violation of a constitutional right and (2) whether the right at issue was "clearly established" at the time of the alleged misconduct).

[5] Herron initially sought monetary damages, or in the alternative, "time on [his] charges gone." Compl. 2, ECF No. 1. He cannot use a § 1983 action to challenge the length of his confinement, however. *See Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973). Herron also states that he "would like to get officer Skeen with Assault with harmful intent, Police Brutalatie [sic], and going against protocol." Mot. Amend 2, ECF No. 37. It is well established that Herron has no right to have Skeen charged with crimes or to have him disciplined for violations of prison protocol. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that private individual "lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

III.

For the stated reasons, it is **ORDERED** as follows:

1. The plaintiff's Motion to Amend, ECF No. 37, is GRANTED;

2. The defendant's Motion to Dismiss, ECF No. 31, is GRANTED IN PART AND DENIED IN PART. The motion is DENIED as to the § 1983 claim that the defendant used excessive force. The motion is GRANTED as to all other claims;

3. The defendant is DIRECTED to answer Herron's pleadings as amended and to file any motion for summary judgment, supported by affidavits, within twenty-one days from the date of entry of this Order. If no such motion is received, the court will schedule this matter for trial.

ENTER: February 12, 2019

/s/ James P. Jones
United States District Judge